## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| DAVID COHEN, CLU, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No: 4:18-cv-00458-JAJ-SBJ |
| v. | ) |
| ACCORDIA LIFE AND ANNUITY COMPANY and ALLIANCE-ONE SERVICES, INC., | )<br>)<br>) |
| Defendants. | ) |

## FINAL ORDER AND JUDGMENT

1. All capitalized terms in this Final Order and Judgment have the same meanings as set forth in the Stipulation of Settlement dated June 26, 2020 ("Agreement") (Dkt. 37-1), unless otherwise defined herein. The terms of the Agreement are incorporated into this Final Order and Judgment as if fully set forth herein.

2. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Class Members who have not timely excluded themselves from (opted out of) the Settlement Class.

3. Pursuant to Fed. R. Civ. P. 23(e), the Court confirms the certification, for settlement purposes, of the following Settlement Class: "All persons and/or entities who, at any time during the Settlement Class Period, were designated as a Writing Agent, Writing Agent Upline, Servicing Agent, or Assignee for a Covered Policy or, if applicable, any executors or representatives of a deceased Settlement Class Member's estate." Excluded from the Settlement Class are: (i) individuals who are or were during the Settlement Class Period officers, directors

or employees (and their immediate families) of Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge presiding over the Action and the staff and immediate family of any such justice, judge or magistrate judge; (iii) the Settlement Administrator and members of any of its personnel's immediate families; and (iv) all individuals who submit a timely and proper request to be excluded from (opt out of) the Settlement Class or have otherwise released any and all claims that have or could have been asserted in the Action via a separate settlement agreement.

4. Pursuant to Fed. R. Civ. P. 23(c)(3), all such persons or entities who meet the definition of Settlement Class Members above are bound by this Judgment.

5. All persons or entities who timely filed requests to be excluded from (opt out of) the Settlement Class are not bound by this Judgment or the terms of the Agreement, and may pursue their own individual remedies against Defendants. However, such persons or entities are not entitled to any rights or benefits provided to Settlement Class Members under the terms of the Agreement. A list of persons or entities who submitted timely and valid requests to be excluded from the Settlement Class is attached hereto as Exhibit A.

## The Class Notice Procedures Were Adequate

6. The Court directed that notice of the Settlement be provided to Settlement Class Members pursuant to the notice program proposed by the Parties in the Agreement and approved by the Court in the Order Granting Preliminary Approval of Class Action Settlement (Dkt. 47 at ¶¶ 15-20). Notice has been provided by the following methods:

    a. By sending a Class Notice by first-class mail to the last known address of each reasonably identifiable Settlement Class Member; and

b.  By sending a Class Notice by email to all Settlement Class Members for whom Defendants have a valid email address.

7.  The Declaration of Jason Stinehart of Rust Consulting dated October 19, 2020, attesting to the dissemination of the Class Notice to Settlement Class Members, demonstrates compliance with this Court's Order Granting Preliminary Approval. In compliance with Fed. R. Civ. P. 23(c)(2)(B), the Class Notice advised Settlement Class Members of: (i) the nature of the action; (ii) the definition of the Settlement Class; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class Member may enter an appearance through an attorney if the class member so desires; (v) that the Court will exclude from the Settlement Class any class member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class-wide Judgment on Settlement Class Members. In addition to the disclosures required by Rule 23(c)(2)(B), the Class Notice further advised Settlement Class Members of the date of the Final Approval Hearing, the right to appear at such hearing, the right to object to the Settlement, and other matters.

8.  Dissemination of the Class Notice pursuant to the Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to or exclude themselves from the Settlement; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process.

### Certification of the Settlement Class

9.  For settlement purposes only, the Court finds that the Settlement Class meets all requirements of Fed. R. Civ. P. 23(a) and (b)(3) for class certification, including: (a) numerosity;

(b) commonality; (c) typicality; (d) adequacy of representation by Plaintiff and Class Counsel; (e) predominance of common questions of fact or law; and (f) superiority over other available methods of adjudicating the controversy. Each requirement has been met for the reasons set forth in Plaintiff's motion papers seeking final approval of the Settlement and as summarized below.

10. Pursuant to Fed. R. Civ. P. 23(a)(1), numerosity is met because there are tens of thousands of Settlement Class Members.

11. Pursuant to Fed. R. Civ. P. 23(a)(2), commonality is met because there are numerous significant questions of "law or fact" common to the Settlement Class.

12. Pursuant to Fed. R. Civ. P. 23(a)(3), typicality is met because Plaintiff's claims are typical of the claims of the Settlement Class, and the claims of Plaintiff and all Settlement Class Members derive from the same operative facts.

13. Pursuant to Fed. R. Civ. P. 23(a)(4), adequacy of representation is met because Plaintiff's interests are consistent with those held by the Settlement Class, Plaintiff has no conflicts with the Settlement Class, Plaintiff has vigorously advocated for the Settlement Class throughout the litigation, and Plaintiff has retained experienced and competent class action counsel.

14. Pursuant to Fed. R. Civ. P. 23(b)(3), predominance is met because questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual class members. The key common issues are more prevalent than any non-common issues, and they would drive the resolution of the litigation.

15. Pursuant to Fed. R. Civ. P. 23(b)(3), superiority is met because a class action is superior to other available methods, such as individual lawsuits or arbitrations, for fairly and efficiently adjudicating the controversy.

16.     Having considered the factors set forth in Fed. R. Civ. P. 23(g)(1), Class Counsel have fairly and adequately represented the Settlement Class in litigating the Action and negotiating the Settlement. Accordingly, the Court approves Class Counsel serving as counsel in representing the Settlement Class.

17.     The Parties and their counsel shall consummate the Settlement provisions, including distribution of the Monetary Relief and implementation of the Injunctive Relief, according to the terms and provisions of the Agreement.

18.     The Agreement is binding on, and has preclusive effect in, any pending and future lawsuits, arbitrations, or other proceedings maintained by or on behalf of Settlement Class Members who have not excluded themselves from the Settlement Class.

### The Settlement is Fair, Reasonable, and Adequate

19.     The Court finds, after a hearing and based upon all submissions of the Parties, that the proposed Settlement and its underlying terms set forth in the Agreement are "fair, reasonable, and adequate" for purposes of Fed. R. Civ. P. 23(e)(2).

20.     The Court has considered the following requirements of Fed. R. Civ. P. 23(e)(2) and finds that they have been met for the reasons set forth in Plaintiff's motion papers seeking final approval of the Settlement:

> [T]he court may approve [the settlement] only . . . on finding that it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

21. Plaintiff and Class Counsel have adequately represented the Settlement Class in litigating the Action and achieving the Settlement.

22. The terms and provisions of the Agreement were the product of arm's length negotiations conducted in good faith and with the assistance of an experienced mediator, Magistrate Judge Diane Welsh (Ret.) of JAMS.

23. The relief provided in the Agreement is adequate given the: (i) costs, risks, and delay of further litigation in light of the defenses raised by Defendants, including the prospect of mandatory non-class arbitration; (ii) effectiveness of the method of distributing relief to the class, which involves automatic cash payments without the need for Settlement Class Members to submit a claim form, as well as the implementation of substantial Injunctive Relief; (iii) amount of the requested award of attorney's fees, which is deemed reasonable; and (iv) consideration of the confidential side agreement identified by the Parties pursuant to Rule 23(e)(3).

24. The Agreement treats Settlement Class Members equitably relative to each other given the reasonable plan for allocating settlement proceeds under the Delay Damages and Other Damages models and the existence of class-wide Injunctive Relief.

25. The Court has considered all objections submitted by Settlement Class Members, as well as the responses thereto set forth in Plaintiff's briefing in support of final settlement approval. The Court finds the objections to be without merit. All objections are hereby overruled.

26. The Settlement Administrator shall proceed to distribute the Monetary Relief in accordance with the time frames and procedures set forth in the Agreement.

27. Defendants shall proceed to implement the Injunctive Relief in accordance with the time frames and procedures set forth in the Agreement.

### Releases

28. Upon the Effective Date of the Settlement, Plaintiff and each Settlement Class Member (other than those listed on Exhibit A who validly requested exclusion from the Settlement Class) shall be deemed to have, and by operation of this Final Order and Judgment shall have, released all Released Claims against all Release Parties as defined and set forth in the Agreement.

29. All Settlement Class Members who have not timely and validly submitted requests for exclusion are forever barred from bringing any and all Released Claims against the Released Parties.

30. The Court enjoins all Settlement Class Members from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendants and the other Released Parties, as more fully described in the Agreement.

### Plaintiff's Service Award

31. Plaintiff David Cohen, CLU initiated this lawsuit, acted to protect the interests of the Settlement Class, produced voluminous documents and other information in discovery, and assisted Plaintiff's Counsel throughout the litigation.

32. Plaintiff's efforts have led to a settlement that provides valuable relief to the Settlement Class.

33. The Court approves the request for a $20,000 service award payable to Plaintiff Cohen, to be paid directly by Defendants and not from the Common Fund, as set forth in the Agreement.

### Attorneys' Fees and Costs

34. The Court has reviewed Plaintiff's motion papers seeking an award of attorneys' fees and reimbursement of litigation expenses (Dkt. 51 to 51-2). The Court finds that Plaintiff's requested fee and expense award is reasonable for the reasons set forth therein.

35. Class Counsel are awarded $1,938,860 for attorneys' fees, and $41,140 for litigation expenses, to be paid directly by Defendants and not from the Common Fund, as set forth in the Agreement.

### Miscellaneous

36. The Court hereby dismisses with prejudice all claims in this Action, without fees or costs to any party except as provided in the Agreement, and enters final judgment as set forth herein.

37. Without affecting the finality of this judgment, the Court shall retain jurisdiction as to all matters relating to the administration, enforcement, and interpretation of the Agreement and the Final Order and Judgment, including resolution of any issues concerning the ongoing Injunctive Relief, and for any other necessary purpose.

38. The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such modifications of the Agreement that are consistent with this Judgment and do not limit the rights of Settlement Class Members under the Agreement.

IT IS SO ORDERED.

DATED: _October 27_, 2020

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

# Exhibit A

## Opt Out List

|    | Name | State |
|---|---|---|
| 1 | ESTATE OF PAT R. MARINO | NY |
| 2 | KATHLEEN SEWELL | CA |
| 3 | FRANK BIAGGI | CA |
| 4 | EDWIN WADSWORTH | NC |
| 5 | RODRIGUEZ WEALTH MANAGEMENT | FL |
| 6 | MARJORIE AMICO | NH |
| 7 | DONALD A. RADDATZ | IA |
| 8 | THOMAS FREKER JR. | CA |
| 9 | PATRICK BURKE | CA |
| 10 | ELLSWORTH SNYDER | VA |
| 11 | ROBERT COLBERT | KS |
| 12 | RUTH J. SCHWANDT BROKERAGE INC. | NY |
| 13 | STANLEY BRITSON | WI |
| 14 | DAVID DINN | IN |
| 15 | CLEVES DELP | OH |
| 16 | TYLER HORNING | OH |
| 17 | TDC LIFE INC. | OH |
| 18 | TDC COMPANIES INC. | OH |
| 19 | GERHARDSTEIN FINANCIAL GROUP | MI |